# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROSEMARY BROWN, | : | |
| Plaintiff, | : | |
| | : | No. 3:18-CV-279 (VLB) |
| v. | : | |
| | : | |
| JOETTE KATZ, CINDY | : | November 15, 2018 |
| BUTTERFIELD, NICHOLAS | : | |
| HERMES, EILEEN MEEHAN, | : | |
| RAYMOND BAILEY, CAROLYN | : | |
| KOZAK, SANDRA FAE BROWN- | : | |
| BREWTON, and STATE OF | : | |
| CONNECTICUT, | : | |
| Defendant. | : | |

## MEMORANDUM OF DECISION DISMISSING SECOND AMENDED COMPLAINT WITHOUT PREJUDICE [DKT. 84]

**Before the Court is Plaintiff's Second Amended Complaint, in which she seeks damages and injunctive relief for alleged violations of her rights under the Fourteenth Amendment and 42 U.S.C. § 1983, the Family and Medical Leave act, 29 U.S.C. § 2601 *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq*. [Dkt. 84]. At a discovery status conference on November 5, 2018, the Court directed Plaintiff to re-file her first Amended Complaint, providing guidance on how to conform the Amended Complaint to Rule 8. [Dkt. 83]. Plaintiff then filed this Second Amended Complaint. For the following reasons, the Second Amended Complaint is DISMISSED without prejudice.**

**Rule 8 provides that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard requires that a complaint give the defendant "fair notice" of the claim and the grounds on which the claim rests. *Bell Atlantic***

*Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "[U]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (quoting 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1281, at 365 (1969)). "When a complaint fails to comply with these requirements, the district court has the power, on motion or *sua sponte,* to dismiss the complaint or to strike such parts as are redundant or immaterial." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d. Cir. 1995).

The Second Amendment Complaint is not a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). It adds several defendants to the action and contains a lengthy detailed chronology and legal conclusions followed by claims without specifying the facts constituting the elements of the claims, leaving the Court and the defendants to speculate the asserted factual bases. Plaintiff has been afforded several opportunities to file a proper complaint and the Court has previously explained why previous complaints have failed to comply with Rule 8. Therefore, dismissal with leave to amend is the appropriate remedy. This circuit has upheld that remedy in similar circumstances, such as when a plaintiff in a civil rights action filed an amended complaint that "span[ned] 15 single-spaced pages and . . . contain[ed] a surfeit of detail." *Salahuddin*, 861 F.2d at 43. More recently, in a case against the New York Department of Education, the Second Circuit upheld a dismissal when the District Court warned a plaintiff that his complaint did not comply with Rule 8 and provided guidance on how the

complaint could become compliant, then Plaintiff filed an amended complaint that "was more prolix and confusing than the previous one." *Celli v. Cole*, 699 Fed. Appx. 88, 89 (2d. Cir. 2017) (summary order).

THEREFORE, the Second Amended Complaint is hereby DISMISSED without prejudice. Plaintiff is ORDERED to file a complaint which conforms to Fed. R. Civ. P. 8, setting forth disparately for each defendant a legally cognizable claim followed by the factual allegations constituting the elements for each claim against each defendant. Failure to file a proper complaint within **21 days** of the date of this Order will result in dismissal with prejudice.

           IT IS SO ORDERED

           _____/s/_____

           Hon. Vanessa L. Bryant
           United States District Judge

Dated at Hartford, Connecticut: November 15, 2018